UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-20037-ALTMAN

**MARIO GODHIGH**,

    *Plaintiff*,

v.

**SOUTH FLORIDA RECEPTION CENTER**, *et al.*,

    *Defendants.*

_____/

## ORDER

The Plaintiff, Mario Godhigh, has filed a *pro se* civil-rights complaint under 42 U.S.C. § 1983. *See* Complaint [ECF No. 1] at 1. Godhigh alleges that officers at the South Florida Reception Center are ignoring his grievances, "throwing [them] away," and "not passing the mail out" to inmates. *Id.* at 2–3. As relief, Godhigh seeks eighty-thousand dollars in damages and asks us to "contact" the Defendants—the South Florida Reception Center and "the Warden"—to "make them send" Godhigh the grievances he's requested. *Ibid.* Godhigh hasn't paid the filing fee or filed a motion to proceed *in forma pauperis* ("IFP"). *See generally* Docket. After careful review, we **DISMISS** Godhigh's Complaint under the "three-strikes" provision of 28 U.S.C. § 1915(g).

### The Law

When a prisoner-plaintiff proceeds IFP, his complaint must be screened under the provisions of 28 U.S.C. § 1915(g)—also known as the "three-strikes provision." *White v. Lemma*, 947 F.3d 1373, 1379 (11th Cir. 2020) ("[A] court must procedurally dismiss without prejudice the claim of a prisoner who has struck out under the three-strikes provision and failed to pay the filing fee, [but] the court may also consider the merits to dismiss the case with prejudice instead."), *abrogated in part on other grounds*

*by Wells v. Brown*, 58 F.4th 1347, 1357 (11th Cir. 2023) (en banc). That provision reads, in pertinent part, as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In other words, "[s]ection 1915 only allows a prisoner to file three meritless suits at the reduced rate provided by that section." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (cleaned up). Once a prisoner has had three suits dismissed for one (or more) of the reasons set out in § 1915(g), he "must pay the full filing fee at the time he *initiates* suit[.]" *Ibid.* (emphasis in original). If the plaintiff doesn't pay the filing fee when he files his lawsuit—and unless he qualifies for the "imminent danger of serious physical injury" exception—the Court must "dismiss the action without prejudice when it denies the prisoner leave to proceed *in forma pauperis*." *Ibid.*

## ANALYSIS

Godhigh's no stranger to our Courts. His litigation history reveals that he's a vexatious filer who's been repeatedly designated a three-striker in all of Florida's federal district courts.[1] In fact, Judges in our District *alone* have dismissed Godhigh's cases *twenty-three* times under § 1915(g)'s three-strikes rule:

1. Report Regarding Dismissal of Complaint, *Godhigh v. Florida*, No. 15-cv-22918 (S.D. Fla. Aug. 7, 2015) (White, Mag. J.), ECF No. 5 at 11 ("[I]t is recommended that . . . the complaint be dismissed, pursuant to 28 U.S.C. § 1915(g)."), *report and recommendation adopted*, Order, *id.* (S.D. Fla. Aug. 25, 2015) (Williams, J.), ECF No. 6.

---

[1] We won't analyze Godhigh's litigation history outside our District, but Judges in the Middle and Northern Districts of Florida have called Godhigh a three-striker, too. *See* Order of Dismissal, *Godhigh v. Softness*, No. 22-cv-00992 (M.D. Fla. Sept. 15, 2022) (Howard, J.), ECF No. 2 at 2 ("Godhigh is a prolific, three-strikes litigant."); Order, *Godhigh v. Barton*, No. 18-cv-00172 (N.D. Fla. Oct. 24, 2018) (Rodgers, J.), ECF No. 9 at 2 ("This case is dismissed pursuant to the 28 U.S.C. § 1915(g) three-strikes bar[.]").

2. Order Adopting Report and Recommendation, *Godhigh v. Murphy*, No. 15-cv-24581 (S.D. Fla. Jan. 27, 2016) (Martinez, J.), ECF No. 9 at 1 (dismissing Godhigh's complaint "due to [Godhigh's] status as a three-striker" (cleaned up)).

3. Paperless Order, *Godhigh v. Florida*, No. 15-cv-24474 (S.D. Fla. Jan. 29, 2016) (Moore, J.), ECF No. 15 (dismissing Godhigh's complaint "pursuant to 28 U.S.C. § 1915(g)").

4. Paperless Order, *Godhigh v. Florida*, No. 15-cv-24594 (S.D. Fla. Jan. 29, 2016) (Moore, J.), ECF No. 11 (same).

5. Order on Magistrate Report, *Godhigh v. City of Miami Police Dep't*, No. 15-cv-24592 (S.D. Fla. Feb. 11, 2016) (Ungaro, J.), ECF No. 6 at 1 (dismissing Godhigh's complaint "pursuant to the 'three strikes' provision in 28 U.S.C. § 1915(g)").

6. Order Adopting Report and Recommendation, *Godhigh v. Cemex Construction*, No. 15-cv-24470 (S.D. Fla. Mar. 31, 2016) (Martinez, J.), ECF No. 13 at 1 ([Godhigh]'s *pro se* civil-rights complaint . . . is dismissed pursuant to 28 U.S.C. § 1915(g).").

7. Report Regarding Dismissal of Complaint, *Godhigh v. Softness*, No. 16-cv-20029 (S.D. Fla. Jan. 11, 2016) (White, Mag. J.), ECF No. 6 at 10 ("[I]t is recommended that . . . the complaint be dismissed, pursuant to 28 U.S.C. § 1915(g)."), *report and recommendation adopted*, Order, *id.* (S.D. Fla. Feb. 1, 2016) (Williams, J.), ECF No. 7.

8. Order Adopting Report and Recommendation, *Godhigh v. Softness*, No. 16-cv-20030 (S.D. Fla. Jan. 19, 2016) (Moreno, J.), ECF No. 7 at 1 (dismissing Godhigh's complaint "pursuant to 28 U.S.C. § 1915(g)").

9. Order, *Godhigh v. Florida*, No. 16-cv-20144 (S.D. Fla. Mar. 31, 2016) (Gayles, J.), ECF No. 6 at 1 (dismissing Godhigh's complaint "pursuant to the 'three-strikes' rule of 28 U.S.C. § 1915(g)").

10. Order Adopting Report and Recommendation, *Godhigh v. Bocanegra*, No. 16-cv-20028 (S.D. Fla. Apr. 26, 2016) (Martinez, J.), ECF No. 7 at 1 ("[Godhigh]'s *pro se* civil-rights complaint . . . is dismissed pursuant to 28 U.S.C. § 1915(g).").

11. Paperless Order, *Godhigh v. Paz*, No. 16-cv-21486 (S.D. Fla. May 24, 2016) (Moore, J.), ECF No. 7 (dismissing Godhigh's complaint "based on [his] status as a three-striker" (cleaned up)).

12. Order Adopting Report and Recommendation, *Godhigh v. Florida*, No. 16-cv-21487 (S.D. Fla. June 18, 2016) (Moreno, J.), ECF No. 7 at 1 ("[Godhigh]'s *pro se* civil-rights [c]omplaint is dismissed with prejudice pursuant to the three-strikes provision of 28 U.S.C. § 1915(g)." (cleaned up)).

13. Order Adopting Report, *Godhigh v. Florida*, No. 16-cv-24387 (S.D. Fla. Feb. 17, 2017) (Lenard, J.), ECF No. 9 at 2 ("[Godhigh's] Complaint . . . [is] dismissed pursuant to 28 U.S.C. § 1915(g).").

14. Order, *Godhigh v. Florida*, No. 20-cv-22273 (S.D. Fla. June 29, 2020) (Ungaro, J.), ECF No. 3 at 3 ("[Godhigh] is a 'three-strikes' litigant under 28 U.S.C. § 1915(g).").

15. Final Judgment and Order Dismissing Case, *Godhigh v. Paz*, No. 20-cv-22938 (S.D. Fla. July 20, 2020) (Dimitrouleas, J.), ECF No. 3 at 3 ("[Godhigh] is a 'three-strikes' litigant under 28 U.S.C. § 1915(g).").

16. Order, *Godhigh v. Softness*, No. 21-cv-20421 (S.D. Fla. Feb. 1, 2021) (Altonaga, C.J.), ECF No. 4 at 2 ("Because [Godhigh] has had three or more prior qualifying dismissals and his allegations do not warrant the imminent danger exception to dismissal, the Complaint will be dismissed without prejudice.").

17. Order Dismissing Case Without Prejudice, *Godhigh v. CH-CI Centurion Mental Health Dep't*, No. 21-cv-20486 (S.D. Fla. Feb. 4, 2021) (Martinez, J.), ECF No. 4 at 1 ("[Godhigh] is a 'three-striker' under 28 U.S.C. § 1915(g).").

18. Order of Dismissal, *Godhigh v. CH-CI Centurion*, No. 21-cv-20670 (S.D. Fla. Feb. 26, 2021) (Ruiz, J.), ECF No. 6 at 3 ("[B]ecause [Godhigh] is subject to the three-strikes rule and has not paid the filing fee, his Complaint must be dismissed.").

19. Order of Dismissal, *Godhigh v. City of Miami Police Dep't*, No. 21-cv-21210 (S.D. Fla. Mar. 31, 2021) (Singhal, J.), ECF No. 4 at 3 ("[B]ecause [Godhigh] is subject to the three-strikes rule and has not paid the filing fee, his Complaint must be dismissed.").

20. Order Dismissing Complaint, *Godhigh v. Fla. Att'y Gen.*, No. 21-cv-21731 (S.D. Fla. May 10, 2021) (Cannon, J.), ECF No. 4 at 1 (dismissing Godhigh's complaint where he had "not adequately alleged the 'imminent danger' exception" to the "three-strike[s] rule" (cleaned up)).

21. Order of Dismissal, *Godhigh v. City of Miami Police Dep't*, No. 21-cv-21738 (S.D. Fla. June 16, 2021) (Smith, J.), ECF No. 6 at 3 (same).

22. Order of Dismissal, *Godhigh v. Suwanee Corr. Inst.*, No. 23-cv-23585 (S.D. Fla. Sept. 22, 2023) (Middlebrooks, J.), ECF No. 3 at 1 ("[T]he Complaint is dismissed without prejudice pursuant to the 'three-strikes' provision of 28 U.S.C. § 1915(g).").

23. Order of Dismissal, *Godhigh v. Perez*, No. 23-cv-23623 (S.D. Fla. Oct. 10, 2023) (Williams, J.), ECF No. 4 at 1 ("Because [Godhigh] is a 'three-strikes' litigant under 28 U.S.C. § 1915(g), did not pay the Court's filing fee[,] . . . and has not met the 'imminent danger' exception to § 1915(g)[,] this case is dismissed without prejudice.").

That's all because, *before* Godhigh was first declared a three-striker, he'd filed at least three civil-rights suits that were dismissed for failure to state a claim upon which relief could be granted. *See* Order of Dismissal, *Godhigh v. Slocum*, No. 12-cv-23418 (S.D. Fla. Nov. 14, 2012) (Hoeveler, J.), ECF No. 8 at

1 ("This cause is dismissed pursuant to 28 U.S.C. § 1915(a)(2)(B)(ii) [for failure to state a claim]." (cleaned up)); Order, *Godhigh v. Dade Corr. Inst.*, No. 12-cv-24305 (S.D. Fla. Feb. 22, 2013) (Graham, J.), ECF No. 8 at 1 (dismissing Godhigh's complaint "for failure to state a claim upon which relief may be granted"); Order, *Godhigh v. Florida*, 18-cv-24270 (S.D. Fla. Dec. 4, 2018) (Graham, J.), ECF No. 16 at 1 (dismissing Godhigh's complaint where it "fail[ed] to state a claim under 28 U.S.C. §§ 1915A and 1915(e) based on judicial and prosecutorial immunity"). Since Godhigh has brought "three or more federal lawsuits or appeals that were dismissed . . . for failure to state a claim," Godhigh is a three-striker under § 1915(g) and must pay the filing fee. *Daker v. Ward*, 999 F.3d 1300, 1310 (11th Cir. 2021).

Godhigh *could* avoid the three-strikes label by alleging that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To do this, however, he would have to show "that he was in imminent danger of serious physical injury at the time he filed his Complaint or that he was in jeopardy of any ongoing danger." *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). But Godhigh never even *tries* to meet this exception. *See generally* Complaint. And Godhigh's claims that officers are "throwing" away his grievances fail to establish imminent danger, *id.* at 2, since Godhigh never alleges that he's *currently* facing the threat of *physical* injury, *see Abdullah v. Migoya*, 955 F. Supp. 2d 1300, 1307 (S.D. Fla. 2013) (Zloch, J.) ("A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed."). So, the imminent-danger exception doesn't apply here, which means that Godhigh is subject to the three-strikes rule and cannot proceed IFP. *See Dupree*, 284 F.3d at 1236 ("Section 1915 only allows a prisoner to file three meritless suits at the reduced rate provided by that section. After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit." (cleaned up)). And, since Godhigh has failed to pay the filing fee, his Complaint must be **DISMISSED**. *See White*, 947

F.3d at 1377 ("[A] district court must dismiss a prisoner's claims when the prisoner has three strikes but failed to pay the filing fee when the suit began.").

One more thing. As we've seen, Godhigh *knows* that he's a three-striker. After *twenty-three* dismissals under § 1915(g), Godhigh is aware that he *must* pay the Clerk's filing fee *or* allege imminent danger of serious physical injury to avoid dismissal. *See, e.g.*, Order of Dismissal, *Godhigh v. Perez*, No. 23-cv-23623 (S.D. Fla. Oct. 10, 2023) (Williams, J.), ECF No. 4 at 1 (explaining to Godhigh that his case was dismissed because he "did not pay the Court's filing fee" and had "not met the 'imminent danger' exception"). But Godhigh filed *this* case without doing either of those things, *knowing* it was procedurally defective. That's textbook abuse of process. *See Sheffield v. Brown*, 2023 WL 5417090, at *2 (N.D. Fla. Aug. 4, 2023) (Frank, Mag. J.) ("[I]t is clear Sheffield," a vexatious *pro se* three-striker who'd "routinely" filed civil cases barred by § 1915(g), "was abusing the judicial process by filing repetitive and procedurally deficient documents with the district court."), *report and recommendation adopted*, 2023 WL 5401884 (N.D. Fla. Aug. 22, 2023) (Wetherell, J.); *cf. Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1544 (11th Cir. 1993) (characterizing the failure to comply with multiple court orders as "abuse of the judicial process"). And Godhigh's already been warned "that further abusive filings" could "result in sanctions being imposed." Final Judgment and Order Dismissing Case, *Godhigh v. Paz*, No. 20-cv-22938 (S.D. Fla. July 20, 2020) (Dimitrouleas, J.), ECF No. 3 at 5. Undeterred, Godhigh has *still* persisted in a years-long pattern of ignoring court orders and filing abusive and deficient lawsuits.[2]

Enough is enough. Since "[f]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions," we have the power to "restrict access to vexatious . . . litigants" (like Godhigh) who

---

[2] The same day Godhigh filed this case, Godhigh filed *another* civil-rights case in this District where he (again) didn't pay the Clerk's filing fee or allege imminent danger of serious physical injury. *See generally* Complaint, *Godhigh v. Dep't of Corr.*, No. 25-cv-20035-DSL (S.D. Fla. Jan. 6, 2025), ECF No. 1.

inundate the courts with abusive filings. *Brewer v. United States*, 614 F. App'x 426, 427 (11th Cir. 2015) (citing *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008)). While we won't impose any such restriction here, we warn Godhigh that, if he continues to submit abusive filings, we will sanction him—including with monetary sanctions and/or by limiting his ability to submit *pro se* lawsuits. *Cf. Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (en banc) ("[Godhigh] can be severely restricted as to what he may file and how he must behave in his applications for judicial relief."); *Roggio v. United States*, 2013 WL 12176990, at *2 (S.D. Fla. Apr. 10, 2013) (Goodman, Mag. J.) ("Because Roggio is abusing the reconsideration motion mechanism, any future violations may lead to an award of sanctions, including costs, attorney's fees, and/or other monetary or non-monetary sanctions, against him.").

\* \* \*

We therefore **ORDER AND ADJUDGE** that Mario Godhigh's Complaint [ECF No. 1] is **DISMISSED without prejudice** under 28 U.S.C. § 1915(g). All pending motions are **DENIED as moot**. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on January 13, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Mario Godhigh, *pro se*